IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH KNAUSS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 15-4320 |
| | : | |
| SUPERINTENDENT KEN CAMERON, et al. | : | |

# ORDER

AND NOW, this 10th day of October, 2017, upon careful and independent consideration of Petitioner Joseph Knauss's pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, to which objections have been filed, it is ORDERED:

1. Knauss's objections (Document 24) are OVERRULED[1];

---

[1] Knauss seeks relief pursuant to 28 U.S.C. § 2254 from his 2013 state court conviction for aggravated assault. In his pro se petition for writ of habeas corpus, Knauss raises four grounds for relief, only three of which are distinct: (1) trial counsel was ineffective for coercing him into a guilty plea; (2) Post-Conviction Relief Act (PCRA) counsel was ineffective for forcing him to withdraw his first PCRA petition; and (3) the state court committed fraud, battery, and treason. On August 20, 2015, the Magistrate Judge issued a Report and Recommendation (R&R), recommending Knauss's petition be dismissed for failure to exhaust his state court remedies, as his PCRA appeal attacking the same conviction at issue in his habeas petition was still pending. That same day, Knauss filed an addendum to his petition, asserting he was denied his right to file a direct appeal in the Pennsylvania Superior Court. On September 1, 2016, Knauss's PCRA proceedings having since concluded, this Court issued an Order dismissing the R&R as moot and referring the matter to the Magistrate Judge for a new R&R. On June 27, 2017, the Magistrate Judge issued an R&R thoroughly, finding Knauss's initial-petition claims time barred and his addendum claims noncognizable. Knauss filed objections to the R&R, in which he merely reasserts the argument he made in his reply to the Government's response to his petition—that his petition is not time-barred because PCRA counsel was ineffective for forcing him to withdraw his timely-filed PCRA petition.

After careful and independent consideration of Knauss's petition and the arguments he raises in his objections, the Court agrees with the Magistrate Judge's recommendation to deny Knauss's petition. It is clear from the record that Knauss voluntarily withdrew his PCRA petition by filing a pro se motion to withdraw his PCRA petition, which was confirmed by counsel at a PCRA hearing. He has therefore failed to demonstrate any attorney misconduct, let alone attorney misconduct constituting the extraordinary circumstances necessary to warrant

2. The Report and Recommendation (Document 22) is APPROVED and ADOPTED;

3. The petition for a writ of habeas corpus and addendum (Documents 1 & 5) are DENIED;

4. There has been no substantial showing of the denial of a constitutional right warranting the issuance of a certificate of appealability; and

5. The Clerk of the Court shall mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

equitable tolling. *See Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004) (noting that "[g]enerally, in a non-capital case . . ., attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation," but "there are narrow circumstances in which the misbehavior of an attorney may merit equitable tolling" (internal quotation marks and citation omitted)); *see also Green v. Klopotoski*, No. 08-5581, 2009 WL 4582019, at *9 (E.D. Pa. Dec. 3, 2009) (noting the "Third Circuit has recognized that serious misconduct by post-conviction counsel may justify equitable tolling in some cases," but finding "attorney misconduct does not warrant equitable tolling merely because it requires the petitioner to file a second PCRA petition, even if the AEDPA limitations period runs while the second PCRA is pending, because nothing prevents the petitioner from filing a federal habeas petition at the same time" (citing *Schlueter*, 384 F.3d at 77-78)). Knauss's objections are therefore overruled.